IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CHRISTOPHER AKINSEHINWA,** :
:
    **Petitioner** : CIVIL NO. 1:CV-08-0395
:
**v.** : **(Judge Rambo)**
:
**JANINE DONATE,** :
:
    **Respondent** :

## MEMORANDUM AND ORDER

**I.**    **Background**

Petitioner, Christopher Akinsehinwa, an inmate at the Lackawanna County Prison in Scranton, Pennsylvania, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Pending before the court is Petitioner's motion for appointment of counsel. (Doc.3.) For the reasons that follow, the motion will be denied.

**II.**    **Discussion**

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. §1915(e)(1). *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). As a threshold matter, a district court must address whether the claimant's case has

some arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If a claimant overcomes this threshold hurdle, the Third Circuit Court of Appeals has identified a number of factors that a court should consider when assessing a claimant's request for counsel. These include (1) the claimaint's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue such investigation, (4) the claimant's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-157. Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

    Here, Petitioner's motion fails to set forth sufficient circumstances to warrant appointment of counsel. Assuming, solely for the purpose of deciding the motion, that Petitioner's § 2241 petition has arguable merit, Petitioner has not demonstrated that he is incapable of presenting comprehensible arguments. Petitioner has set forth his § 2241 petition (Doc. 1) in legibly written,

understandable paragraphs, and he has set forth the general history and background of this action.  Petitioner's ability to investigate does not appear to be beyond his capabilities, the legal issues are relatively uncomplicated, and the court cannot say, at least at this point, that Petitioner will suffer prejudice if he is forced to prosecute this case on his own.  Further, the court's liberal construction of *pro se* pleadings mitigates against the appointment of counsel.  *Haines v. Kerner*, 404 U.S. 519 (1972).  Ultimately, the court does not see circumstances which would warrant appointment of counsel to Petitioner at this time.

**IT IS THEREFORE ORDERED THAT** Petitioner's motion for appointment of counsel (Doc. 3) is **DENIED**.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court on its own initiative or upon a motion properly filed by Petitioner.

                                                 s/Sylvia H. Rambo
                                                 SYLVIA H. RAMBO
                                                 United States District Judge

Dated:       March 17, 2008.